UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
Leela ABRAHAM, *et al.*            :
                                   :
                              *Plaintiffs*,       :   Case No.
                                   :
       -against-                  :   **NOTICE OF REMOVAL**
                                   :
AMERICAN HOME MORTGAGE SERVICING, INC., *et al.*,   :
                                   :
                                   :
                             *Defendants*.      :
------------------------------------------------------------------ x

Pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA") and 28 U.S.C. §§ 1367, 1441, 1446 and 1453, defendant PNC Bank, National Association ("PNC"), incorrectly named as PNC Bank, hereby files this Notice of Removal, removing the case styled *Abraham, et al. v. American Home Mortgage Servicing, Inc., et al.*, filed in the Supreme Court of the State of New York, County of Kings, Index Number 501015/2012 (the "Action") to the United States District Court for the Eastern District of New York.

In support of its Notice of Removal and as grounds for removal, PNC states as follows:

I.    **BACKGROUND**

1.    Plaintiffs commenced this Action on May 3, 2012, and filed a First Amended Complaint ("FAC") (Exhibit A) on July 30, 2012. The FAC identifies approximately 383[1] separate plaintiffs and 50[2] defendants, including PNC.

---

[1] 383 represents the total number of individuals identified as plaintiffs in both the caption and the FAC. Three of the plaintiffs are named in the caption (George Kuhlow, Timothy Neumann, and Charlotte O'Brien), but the FAC does not include any charging allegations by them. Yet another plaintiff, Reid Wallingford, is not identified in the caption, but the FAC includes charging allegations by him. It is not clear if Plaintiffs intended to include or exclude the foregoing individuals from the FAC.

[2] There are approximately fifty defendants listed in this action. Two defendants (Wells Fargo Bank and EquiFirst Corporation) are named twice in the FAC. Three defendants (Seterus, Inc., Credit Suisse Group, and American Home Mortgage) are named in the body of the FAC, but excluded from the

1

2. On August 20, 2012, PNC was mailed a copy of the FAC.

3. The FAC purports to state claims against PNC (and 49 additional defendants) for: (1) fraud/deceit/fraudulent concealment; (2) intentional misrepresentation; (3) negligent misrepresentation; (4) unfair competition & deceptive trade practices; (5) breach of contract; (6) constructive trust; (7) negligence; (8) slander of title; and (9) ejectment for wrongful possession of claim on land; (10) concert of action/member liability in joint enterprise; and, (11) unjust enrichment.

## II. CAFA PROVIDES THE JURISDICTIONAL BASIS FOR REMOVAL.

4. CAFA grants federal courts original subject matter jurisdiction over certain class actions and "mass actions." *See* 28 U.S.C. §§ 1332(d)(2), (11).

5. For purposes of jurisdiction and removal under CAFA, covered "mass actions" (that is, those that name one hundred or more plaintiffs) are treated like class actions. *See* 28 U.S.C. §§ 1332(d)(11)(A), (B).

6. Accordingly, a civil action may be removed under CAFA as a "mass action" if: (1) it meets CAFA's statutory definition of "mass action"; (2) any plaintiff is a citizen of a state different from any defendant (i.e., minimal diversity exists); and (3) the amount in controversy exceeds CAFA's jurisdictional threshold of $5 million exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2). In addition, the amount in controversy for at least one plaintiff must exceed the threshold of $75,000 set in 28 U.S.C. § 1332(a). *See Bullard v. Burlington N. Santa Fe Ry. Co.*, 535 F.3d 759, 761 (7th Cir. 2008).

---

caption. "American Servicing Company" is named in the caption, but the FAC does not include any charging allegation against it.

2

## III. THIS ACTION IS A "MASS ACTION" WITHIN THE MEANING OF CAFA.

7. CAFA defines a "mass action" as "any civil action . . . in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact . . . ."[3] 28 U.S.C. § 1332(d)(11)(B).

8. In the *Abraham* Action, all 383 individually named Plaintiffs propose to try their monetary relief claims jointly on the ground that their claims involve common questions of law and fact. (*See generally* FAC, ¶¶ 2-5.)

9. Accordingly, this Action is a "mass action" within the meaning of CAFA.

## IV. THIS ACTION MEETS CAFA'S "MINIMAL DIVERSITY" REQUIREMENT.

10. CAFA's minimal diversity requirement is satisfied when "any member of the class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

11. PNC is a national banking association with its principal place of business in Pittsburgh, Pennsylvania. (*See* Declaration of Brian Arthur ("Arthur Decl.," Exhibit B), ¶ 2). As such, PNC is a citizen of Pennsylvania for jurisdictional purposes. *See* 28 U.S.C. § 1348; *Wachovia Bank, N.A. v. Schmidt,* 546 U.S. 303, 304-05 (2006) (national banking association is deemed citizen of solely the State in which it has its principal banking office).

12. Plaintiff Leela Abraham is a citizen of New York. (FAC, ¶ 6.)

13. Accordingly, minimal diversity exists.

---

[3] A civil action falling within this definition may not qualify as a "mass action" if it falls within certain exceptions defined by CAFA. *See* 28 U.S.C. § 1332(d)(11)(B)(ii)(I)-(IV). The *Abraham* Action does not fall within these exceptions.

## V. THIS ACTION MEETS CAFA'S $5 MILLION "AMOUNT IN CONTROVERSY" REQUIREMENT.

14. To remove an action to federal court under CAFA, the amount in controversy must exceed "the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). As shown below, this Action readily meets that requirement.

15. "In a declaratory judgment action involving the validity of a contract, . . . the entire value of the contract determine[s] the amount in controversy . . . ." *Beacon Constr. Co. v. Mateo Elec. Co.*, 521 F.2d 392, 399 (2d Cir. 1975). In this case, 383 plaintiffs each seek a declaration that their mortgage notes are "*void ab initio.*" (FAC, prayer for relief, ¶ 9 (emphasis in original)). Although Plaintiffs suggest that their individual damages are below $75,000, they concede that their attempt to limit their damages should not be construed as a waiver of their request for declaratory relief in the form of a "determination" that their mortgage notes are void *ab initio*. (FAC, prayer for relief, ¶ 9 (emphasis in original)). In other words, if the nullification of any particular mortgage exceeds the value of $75,000, Plaintiffs still want to avoid mortgages.

16. In the context of claims seeking to void mortgage notes, the amount in controversy is either the outstanding balance of the loan or the original balance of the loan. *See, e.g., Anderson v. JPMorgan Chase, NA.*, No. H-11-3346, 2011 U.S. Dist. LEXIS 137654, at *2 (S.D. Tex. Nov. 30, 2011) ("the amount in controversy in connection with the request for declaratory relief as to [the lender's] right to enforce the mortgage is the remaining balance on the mortgage . . . ."); *Olander v. ReconTrust Corp.*, No. C11-177 MJP, 2011 U.S. Dist. LEXIS 22397 (W.D. Wash. Mar. 7, 2011) ("Since the gravamen of [plaintiffs] complaint is to void the loan, the amount-in-controversy is the loan amount . . . ."); *Taguinod v. World Sav. Bank, FSB*, CV 10-7864-SVW (RZx), 2010 U.S. Dist. LEXIS 140509, at *4 (C.D. Cal. Dec. 2, 2010)

5206457v.1

(motion to remand shall be denied because the original amount of the loan exceeded the $75,000 amount in controversy threshold for diversity jurisdiction).

17. "Where the pleadings themselves are inconclusive as to the amount in controversy, . . . federal courts may look outside those pleadings to other evidence in the record." *United Food & Commercial Workers Union, Local 919 v. Centermark Properties Meriden Square,* 30 F.3d 298, 305 (2d Cir. 1994). Moreover, "when a district court can determine, relying on its judicial experience and common sense, that a claim satisfies the amount-in-controversy requirements, it need not give credence to a plaintiff's representation that the value of the claim is indeterminate." *Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1064 (11th Cir. 2010). Here, Plaintiffs have failed to identify the precise amounts of the Plaintiffs' respective mortgage, or the outstanding balances. However, the average mortgage balance in the United States was $173,232 as of July 2011.[4] At that number, the amount in controversy here would be over $66.3 million. If the average mortgage balance for each of the 383 Plaintiffs were an improbably low amount of $20,000, the total amount in controversy would still be over $7.6 million. Thus, the Court may rely upon the foregoing to find that the $5,000,000 amount in controversy is adequately satisfied in this Action.

18. Even if the Court did not rely upon the average mortgage balance for each of the 383 Plaintiffs, the $5,000,000 threshold is still met based upon co-defendant Bank of America, N.A.'s ("BOA") mortgage balances alone. BOA has identified 80 Plaintiffs in this action with BOA loans. The original principal balance for the BOA loans totals $28,416.560. The outstanding principal balance for the BOA loans totals $28,059,467. (*See* Renell Welch Declaration, Exhibit C & Exhibit 1, ¶¶ 6-7).

---

[4] Source: http://www.bizjournals.com/boston/real_estate/2011/08/boston-home-owners-see-mortgage.html (Boston Business Journal, August 17, 2011).

19. As a result, CAFA's $5 million jurisdictional threshold is plainly met.

## VI. THIS ACTION MEETS THE SEPARATE $75,000 JURISDICTIONAL REQUIREMENT FOR MASS ACTIONS BECAUSE MORE THAN ONE PLAINTIFF HAS AN OUTSTANDING MORTGAGE BALANCE IN EXCESS OF THAT AMOUNT.

20. In addition to the $5 million threshold requirement, CAFA requires in mass actions that at least one plaintiff be seeking damages in excess of $75,000. *See* 28 U.S.C. §§ 1332(a), 1332(d)(11)(B)(i).

21. Here, PNC has identified at least the following individuals with PNC loans in which the mortgage balances are in excess of $75,000: Gary Collins (principal balance: $192,405.46), Richard Dimas (principal balance: $279,543.81), Sylvia Gonzalez (principal balance: $256,267.01), and Rose Noah (principal balance: $294,006.14). (*See* Arthur Decl., Exhibit B, ¶ 3).

22. As a result, this Action meets the $75,000 damages requirement of 28 U.S.C. §§ 1332(a) and 1332(d)(11)(B)(i). The Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over all remaining Plaintiffs.

## VII. OTHER REMOVAL REQUIREMENTS ARE SATISFIED.

23. This notice of removal is timely because it was filed within 30 days of what Plaintiffs likely characterize as service on PNC on August 20, 2012.[5] *See* 28 U.S.C. § 1446(a); *Murphy Bros. v; Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999).

24. The consent of any other defendants is not required for removal under CAFA. *See* 28 U.S.C. §§ 1332(d)(11)(A), 1453(a)-(b).

---

[5] PNC was not properly served because it received solely the First Amended Complaint, and no summons. *See* NY CPLR 306-b.

6

25. In compliance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served electronically on all parties of record, including all adverse parties, and will be filed with the Clerk of the Supreme Court of the State of New York, County of Kings promptly after the filing of this Notice of Removal in this Court.

26. The proper venue for removal is "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). As this District Court embraces the County of Kings, removal to this Court is proper. 28 U.S.C. §§ 1441(a), 112(c).

27. All process, pleadings, and orders served upon PNC are attached as Exhibit A. 28 U.S.C. § 1446(a).

28. By filing this Notice of Removal, PNC does not waive any defenses, including, without limitation, any defenses specified in Fed. R. Civ. P. 12 or NYCPLR 3211(a), or any other defense.

Dated: New York, NY
September 19, 2012

Respectfully submitted,

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**

By: _____
Thomas A. Leghorn
Cori A. Rosen
150 East 42nd Street
New York, New York 10017
212-490-3000
File No. 12812.00003

Dykema Gossett PLLC
Richard E. Gottlieb (2030203)
10 South Wacker, Suite 2300
Chicago, IL 60606
(312) 876-700
rgottlieb@dykema.com

5206457v.1

*Attorneys for Defendant PNC Bank,
National Association*

TO:    Philip R. Berwish, Esq.
        The Resolution Law Group, P.C.
        100 Park Avenue, Suite 1600
        New York, NY 10017
        *Attorneys for Plaintiffs*