

# EMMET, MARVIN & MARTIN, LLP
## COUNSELLORS AT LAW

120 Broadway
New York, New York 10271
212-238-3000

www.emmetmarvin.com

Tyler J. Kandel
*Of Counsel*
Tel: 212-238-3103 • 212-653-1769
Fax: 212-238-3100 • 212-653-1760
tkandel@emmetmarvin.com
Also admitted in New Jersey

October 12, 2012

**VIA ECF**

Hon. William F. Kuntz, II
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Abraham, et al. v. American Home Mortgage Servicing, Inc., et al.*,
              **Case No. 12-cv-4686 (WFK)(MDG) (E.D.N.Y.)**

Dear Judge Kuntz:

      We represent defendant, The Bank of New York Mellon ("BNY Mellon"), incorrectly named as The Bank of New York, in the above entitled action. Pursuant to the Court's Individual Motion Practices and Rules, and in connection with its anticipated motion to dismiss plaintiffs' First Amended Complaint, dated July 30, 2012 (the "Complaint"), BNY Mellon formally requests a pre-motion conference. We understand that the Court has already scheduled a pre-motion conference for October 25, 2012 at 11:00 a.m. in response to requests therefore submitted by counsel for other defendants.

      BNY Mellon anticipates filing a motion to dismiss the fundamentally flawed and fatally defective Complaint on several grounds.[1] First, the Complaint – which spans 654 numbered paragraphs over 216 pages – runs afoul of the basic pleading requirements of Fed. R. Civ. Pro. 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Moreover, the Complaint also fails to allege fraud with particularity, in violation of Fed. R. Civ. Pro. 9(b). Instead, the

---

[1] Additional potential grounds for dismissal of the Complaint are set forth in the letters dated September 24, 2012 (Dock. No. 13), October 2, 2012 (Dock. No. 10) and October 10, 2012 (Dock. No. 45), submitted by counsel for defendants BB&T Corporation and FNF Servicing, Inc., Countrywide Home Loans, Inc., Bank of America, N.A., and Merrill Lynch & Co., Inc., and Regions Bank, respectively, and BNY Mellon may include such additional grounds in its motion to dismiss.

EMMET, MARVIN & MARTIN, LLP

Complaint consists of a blunderbuss collection of vague allegations, devoid of any specific allegation of wrongdoing against BNY Mellon (or any other individual defendant).

In addition, the Complaint should be dismissed pursuant to Fed. R. Civ. Pro. 12(b)(6) for failure to state a claim for which relief can be granted. In that regard, the Complaint lacks any allegations against BNY Mellon individually, and instead impermissibly lumps BNY Mellon together with all of the other approximately fifty defendants. Further, the Complaint fails to identify any relationship – at law, in contract, or otherwise – that BNY Mellon has with any of the approximately 370 plaintiffs. The Complaint also fails to allege any causation between any of plaintiffs' alleged damages and any action or statement by BNY Mellon.

For the foregoing reasons, BNY Mellon respectfully requests that the Court address BNY Mellon's proposed motion to dismiss at the scheduled pre-motion conference on October 25, 2012.

Please do not hesitate to contact the undersigned should the Court have any questions.

Respectfully Submitted,

Tyler J. Kandel

cc:   All Appearing Counsel (via ECF)