## The Resolution Law Group, P.C.
100 Park Avenue – Suite 1600 – New York, NY 10017
Telephone: (212) 351-5041 | Fax: (212) 880-6499
E-mail: info@TheResolutionLawGroup.com

---

February 22, 2013                                                                                  **VIA ECF**

Hon. William F. Kuntz, II, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

RE:    **ABRAHAM, et. al. v. AMERICAN HOME MORTGAGE SERVICING, et. al.**
         **Case No. 12-cv-4686-(WFK) (JMA) (E.D.N.Y.)**

Dear Judge Kuntz,

This firm represents the Plaintiffs in the above-captioned action. Pursuant to Your Honor's Individual Motion Practices and Rules, Plaintiffs respectfully request that the Court set a pre-motion conference in advance of Plaintiffs' anticipated motion to amend the pleadings, pursuant to Federal Rule of Civil Procedure 15.

### Venue is Proper In New York

A plaintiff's choice of venue is entitled to significant consideration and will not be disturbed unless other factors weigh strongly in favor of transfer. *See In re Warrick*, 70 F.3d 736, 741 (2d Cir. 1995). Additionally, most if not all of the Defendants have their headquarters and their lead outside counsel in New York. Under Title 28, United States Code, Section 1391, venue is proper in any "judicial district in which any defendant resides." 28 U.S.C. § 1391(b)(1). Further, a defendant corporation is deemed to reside "in any judicial district in which such defendant [corporation] is subject to the court's personal jurisdiction." *Id.* § 1391(c)(2). As there is personal jurisdiction over Defendants, venue is plainly proper in this district.

Additional factors weigh strongly against transfer. First, in addition to Plaintiffs having chosen to litigate in New York, a decision that is given great weight, New York is a convenient forum for all of the parties. Additionally, since all of the Defendants do business in New York and most have their lead counsel in New York, and since many of the Plaintiffs reside in New York, New Jersey, Connecticut, and Pennsylvania, New York is a convenient forum in which to litigate this case. *See Blair Inc. v. Gottdiner*, 462 F. 3d, 95, 107 (2d Cir. 2006) (finding New York to be a convenient forum where the defendant parties resided in New Jersey). Finally, Defendants cannot dispute that witnesses, documents, and evidence are either in New York, or subject to the Court's power to compel their availability.

Joinder Is Proper

Federal Rule of Civil Procedure 20(a)(1) states that Plaintiffs may be joined together in an action if they assert a right of relief arising out of the same transaction, occurrence, or series of transactions or occurrences, and any question of law or fact common to all plaintiffs will arise in the action. As stated in Plaintiffs' Supplemental Memorandum of Law, all the Plaintiffs have been commonly injured by Defendants' use of the MERS System and the resultant lack of disclosure as to the actual holder of the note and mortgage. In the Factual Background section of the Proposed Third Amended Complaint, Plaintiffs state specifically that the Defendants use of the MERS System makes it difficult for homeowners to determine the actual owner of their loans, and describe how they have been injured. See Exhibit A.

Defendants' overall objection to Plaintiffs' Second Amended Complaint is that it lacked specificity and that as such they could not defend this action. Plaintiffs believe that their Proposed Third Amended Complaint resolves some of these objections in that it details Defendants' wrongful conduct through their use of the MERS System and how the Plaintiffs were damaged or otherwise injured by Defendants' participation and use of the MERS System. If Defendants are found liable for the common injuries they caused Plaintiffs through their use of the MERS System, Plaintiffs' individual damages/injuries can thereafter be addressed separately as determined by the Court.

Defendants' Use of The MERS System Violates Various State Consumer Protection Laws

Defendants objected that the Second Amended Complaint's count alleging a violation of New York General Business Law Sec. 349, this state's consumer protection statute, only applied to those Plaintiffs who either resided in New York, or had their loans originated or serviced in New York. This action was originally filed in New York State Supreme Court, and Plaintiffs did not revise the pleading to reflect the fact that Defendants similarly violated other state consumer protection laws. In the Proposed Third Amended Complaint, each state's consumer protection law which Defendants violated is now specifically enumerated for each individual Plaintiff.

Possible TILA Violations

The MERS System allowed Defendants to transfer the mortgages freely without recording those transfers with local recording offices Plaintiffs believe that Defendants have failed to notify Plaintiffs of all transfers and as such may have violated Section 131(g) of the Truth-in-Lending Act (15 U.S.C. §1641(g)). See Exhibit A.

Defendants' Bad Acts in Connection with Inflated Appraisals and Lax Underwriting Standards

In the Proposed Third Amended Complaint, Plaintiffs reallege, in greater detail, Defendant's bad acts in connection with their use of inflated appraisals and lax underwriting standards. See Exhibit A.

Defendant's Joint and Several Liability for their Participation in a Civil Conspiracy

As stated in Plaintiffs' Supplemental Brief, Defendants' membership and participation in the MERS System makes them jointly and severally liable to Plaintiffs for each and every one of Defendants' bad acts under well-established principles of Agency Law. Also stated in Plaintiffs' Supplemental Brief, Plaintiffs have brought a cause of action for "civil conspiracy" because they wish to hold all of the Defendants jointly and severally liable for the injuries suffered by the Plaintiffs. Proof of a civil conspiracy under New York law "connects a defendant with the transaction and . . . charges him with the acts and declarations of his co-conspirators." *See Green v. Davies*, 182 N.Y. 499 (1905). Thus, proof of a civil conspiracy subjects all of the defendants to joint and several liability for the Plaintiffs' losses.

Leave to Amend Should be Freely Granted

Federal Rule of Civil Procedure 15(a)(2) states that leave to amend a pleading should be freely granted when justice so requires. As this court is well aware Plaintiff's "Second Amended" Complaint was the first pleading filed in federal court, and the first pleading subject to a motion to dismiss. Justice requires that Plaintiffs be allowed to amend their pleading to address the objections raised by Defendants in their Motion to Dismiss.

For the foregoing reasons, Plaintiffs respectfully request a pre-motion conference to further discuss a proposed Motion for Leave to Amend the Pleadings, as set forth in the Proposed Third Amended Complaint attached to this letter motion.[1]

Respectfully submitted,

THE RESOLUTION LAW GROUP, P.C.

By: *[signature]*
Robert Shapiro
*Of Counsel*

Enclosures

cc: All counsel of record

---

[1] The Proposed Third Amended Complaint contains sensitive Plaintiff information, which has been redacted for electronic filing pursuant to court rules. An unredacted version will be transmitted to chambers in hard copy, and to Defendants via electronic mail.