UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

LEELA ABRAHAM, et al.,              :   Case No. 12-cv-4686-WFK-JMA

                                       :

               Plaintiffs,        :

                                         :

             - against -        :

                                       :

AMERICAN HOME MORTGAGE SERVICING,   :
INC., et al.,

                                       :

             Defendants.      :

------------------------------------------------------------------x

**SURREPLY OF DEFENDANTS**
ALLY FINANCIAL INC.; AURORA LOAN SERVICES, LLC; BANK OF AMERICA, N.A.,
FOR ITSELF AND AS SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING,
LP; BAYVIEW LOAN SERVICING, LLC; BB&T CORPORATION; BRANCH BANKING
AND TRUST COMPANY; CARRINGTON MORTGAGE SERVICES, LLC; CENLAR FSB;
CITIMORTGAGE, INC.; COUNTRYWIDE HOME LOANS, INC.; EVERBANK
SUCCESSOR BY MERGER TO EVERHOME MORTGAGE COMPANY; FLAGSTAR
BANCORP, INC.; FNF SERVICING, INC. F/K/A LOANCARE SERVICING CENTER, INC.;
GREEN TREE SERVICING LLC; HOMEWARD RESIDENTIAL, INC., F/K/A AMERICAN
HOME MORTGAGE SERVICING, INC.; HSBC MORTGAGE SERVICES INC.;
JPMORGAN CHASE BANK, N.A.; LITTON LOAN SERVICING LP; M&T BANK;
MERRILL LYNCH & CO., INC.; MERSCORP, INC. N/K/A MERSCORP HOLDINGS, INC.;
NATIONSTAR MORTGAGE, LLC; OCWEN FINANCIAL CORPORATION;
PHH MORTGAGE CORPORATION; PNC BANK, NATIONAL ASSOCIATION;
REGIONS BANK; SAXON MORTGAGE, INC.; SELECT PORTFOLIO SERVICING, INC.;
SETERUS, INC.; SOVEREIGN BANK, N.A.; SPECIALIZED LOAN SERVICING, LLC;
SUNTRUST MORTGAGE, INC.; U.S. BANK NATIONAL ASSOCIATION;
VERICREST FINANCIAL, INC.; WELLS FARGO BANK, N.A.; AND WELLS FARGO
BANK, N.A. D/B/A AMERICA'S SERVICING COMPANY
IN SUPPORT OF THEIR
MOTION TO SEVER AND DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................................................ii

I.      PLAINTIFFS' PRELIMINARY MATTERS ................................................................ 1

II.     PLAINTIFFS' CLAIMS DO NOT SATISFY RULE 20(a)............................................. 2

        A.      Plaintiffs' Claims Do Not Arise From The "Same Transaction Or

                Occurrence, Or Series Of Transactions Or Occurrences" .......................................3

        B.      Plaintiffs' Claims Are Not Based On "Common Questions Of Law And Fact".....3

                (1)      No Decision Has Held That Using The MERS System Is Unlawful...........4

                (2)      There Is No "Common Contention" .........................................................5

                (3)      Plaintiffs' Premise For Commonality Is Wrong As A Matter Of Law........7

                (4)      There Is No Basis For Joint and Several Liability......................................8

        C.      Joinder Would Deny Fundamental Fairness And Due Process ..............................9

III.    PLAINTIFFS' RULE 12(b)(6) ARGUMENTS FAIL AS A MATTER OF LAW........... 9

        A.      Plaintiffs Cannot State A Claim For Fraudulent Concealment.............................10

        B.      Plaintiffs Cannot State A Claim For Unjust Enrichment......................................11

CONCLUSION...................................................................................................................... 12

i

## **TABLE OF AUTHORITIES**

### **CASES**

*Bain v. Metropolitan Mortg. Group, Inc.*,
    175 Wash. 2d 83 (2012)....................................................................................4, 5

*Ballow Brasted O'Brien & Rusin P.C. v. Logan*,
    435 F.3d 235 (2d Cir. 2006)...............................................................................10

*Boccardi Capital Sys. v. D.E. Shaw Laminar Portfolios, L.L.C.*,
    2009 WL 362118 (S.D.N.Y. Feb. 9), *aff'd*, 355 Fed. Appx. 516 (2d Cir. 2009)......... 11-12

*Cervantes v. Countrywide Home Loans, Inc.*,
    656 F.3d 1034 (9th Cir. 2011) .............................................................................4, 7

*Cervantes v. Countrywide Home Loans, Inc.*,
    2009 WL 3157160 (D. Ariz. Sept. 24, 2009), *aff'd*, 656 F.3d 1034 (9th Cir. 2011) .........10

*Deskovic v. City of Peekskill*,
    673 F. Supp. 2d 154 (S.D.N.Y. 2009)....................................................................8

*Eastman Kodak Co. v. Asia Optical Co.*,
    2012 WL 2148198 (E.D.N.Y. June 13, 2012) ................................................................11

*Fisher v. Kansas*,
    487 F. Supp. 2d 270 (E.D.N.Y. 2007), *aff'd*, 288 Fed. Appx. 721 (2d Cir. 2008)..............2

*Fontenot v. Wells Fargo Bank, N.A.*,
    198 Cal. App. 4th 256 (Cal. App. 1st Dist. 2011)...........................................................10

*Goldberg v. UBS AG*,
    690 F. Supp. 2d 92 (E.D.N.Y. 2010) ...............................................................................2

*Huelbig v. Aurora Loan Servs., LLC*,
    2011 WL 4348281 (S.D.N.Y. May 18, 2011) ...............................................................4

*Kenvin v. Newburger, Loeb & Co.*,
    37 F.R.D. 473 (S.D.N.Y. 1965) ...............................................................................8

*McAnaney v. Astoria Fin. Corp.*,
    665 F. Supp. 2d 132 (E.D.N.Y. 2009) .........................................................................11

*McPhee v. General Elec. Int'l, Inc.*,
    736 F. Supp. 2d 676 (S.D.N.Y. 2010), *aff'd*, 426 Fed. Appx. 33 (2d Cir. 2011)................2

*Michaels Bldg. Co. v. Ameritrust Co., N.A.*,
    848 F.2d 674 (6th Cir. 1988) ..................................................................8

*In re Mortg. Electric Registration Sys. (MERS) Litig.*,
    744 F. Supp. 2d 1018 (D. Ariz. 2010) ..................................................4

*NML Capital, Ltd. v. Republic of Argentina*,
    2009 WL 1528535 (S.D.N.Y. May 29, 2009), *question certified and answered*,
    17 N.Y.3d 250, *aff'd in part*, 435 Fed. Appx. 41 (2d Cir. 2011).......................................2

*Nassau Cnty. Ass'n of Ins. Agents, Inc. v. Aetna Life & Casualty Co.*,
    497 F.2d 1151 (2d Cir. 1974) ................................................................8

*Next Phase Distribution, Inc. v. John Does 1-27*,
    284 F.R.D. 165 (S.D.N.Y. 2012) ..........................................................9

*Pennsylvania Public Sch. Emps. Ret. Sys. v. Bank of Am. Corp.*,
    874 F. Supp. 2d 341 (S.D.N.Y. 2012)..................................................4

*Suss v. JP Morgan Chase Bank, N.A.*,
    2010 WL 2733097 (D. Md. July 9, 2010)............................................4

*Twine v. Four Unknown New York Police Officers*,
    2012 WL 6184014 (S.D.N.Y. Dec. 12, 2012) ....................................8

*Wal-Mart Stores, Inc. v. Dukes*,
    131 S. Ct. 2541 (2011)..............................................................3, 5, 6

## STATUTE

15 U.S.C. § 1641..................................................................................7

Plaintiffs' Supplemental Memorandum of Law presents arguments that are belated, waived, redundant, and wrong as a matter of law.

At oral argument on Defendants' Motion to Dismiss, the Court authorized supplemental pleadings to address open issues or the Court's inquiries during argument (DE-274-1, at 5, l. 24 – 6, l. 1).  The parties filed those pleadings on February 15, 2013 (DE-269 – DE-274).  Because Plaintiffs' Supplemental Memorandum presented new arguments not raised in earlier pleadings or at oral argument, on February 28, 2013, the Court granted Defendants this opportunity to reply.

Plaintiffs' Supplemental Memorandum says nothing about the open issue that concerned the Court:  the continued exercise of jurisdiction over the first named plaintiff upon dismissal of the other 362 misjoined plaintiffs.  Instead, Plaintiffs interject old and irrelevant news reports (the February 2012 Attorneys General settlements with five financial institutions), misstate Defendants' position, and launch a series of new arguments that were not raised in opposition to the Motion to Dismiss or at oral argument – and that add nothing to the issues at hand.

This Court should (a) grant Defendants' Rule 20(a) Motion to Sever and Dismiss all Plaintiffs except Leela Abraham without prejudice, and (b) grant Defendants' Rule 12(b)(6) Motion to Dismiss Ms. Abraham's claims with prejudice.  If the Court concludes that Plaintiffs' claims are properly joined, then all Plaintiffs' claims should be dismissed with prejudice under Rule 12(b)(6).

## I.   **PLAINTIFFS' PRELIMINARY MATTERS**

**The Attorneys General Settlements.**  Plaintiffs open the Supplemental Memorandum by repeating the same rhetoric about a year-old event – the February 2012 Attorney General settlements involving a handful of financial institutions – that they used to open their oral

argument (Supp. Mem. at 1-2).  Repetition does not create relevancy.  Those settlements have no relation or connection to the issue presented:  whether this action is misjoined.

      **Defendants' Central Contention.**  Defendants do not contend that this Court "is **not** the proper forum" (Supp. Mem. at 2; emphasis original).  Defendants have stated that, by enacting CAFA, Congress designated this Court as a proper forum for deciding whether a purported mass action was properly joined.  As Defendants' Reply in Support of the Motion to Dismiss stated: "Congress enacted Section 1332(d)(11)(B)(i) to place the Rule 20(a) decision before the federal courts" (Reply at 3).

## II.    PLAINTIFFS' CLAIMS DO NOT SATISFY RULE 20(a)

      Plaintiffs' Supplemental Memorandum hinges on a new argument that Defendants' "membership in and use of MERS provide common questions of law and fact required by Federal Rule of Civil Procedure 20" (Supp. Mem. at 2).  To begin with, Plaintiffs' Opposition and oral argument did not raise this argument, and it has been waived.  *See McPhee v. General Elec. Int'l, Inc.*, 736 F. Supp. 2d 676, 681 (S.D.N.Y. 2010) ("Because Plaintiff waited to raise this argument until the Court had reviewed the submissions on the motion to dismiss and authorized discovery and supplemental briefing on one specific narrow question, the argument has been waived"), *aff'd*, 426 Fed. Appx. 33 (2d Cir. 2011); *NML Capital, Ltd. v. Republic of Argentina*, 2009 WL 1528535 (S.D.N.Y. May 29, 2009) ("the Republic waived this argument by failing to raise it in opposition to plaintiffs' motion"), *question certified and answered*, 17 N.Y.3d 250, *aff'd in part*, 435 Fed. Appx. 41 (2d Cir. 2011); *see generally Fisher v. Kansas*, 487 F. Supp. 2d 270, 278 (E.D.N.Y. 2007), *aff'd*, 288 Fed. Appx. 721 (2d Cir. 2008); *Goldberg v. UBS AG*, 690 F. Supp. 2d 92, 98-99 (E.D.N.Y. 2010).

      In any event, the argument fails as a matter of law for three independent reasons.

### A.   Plaintiffs' Claims Do Not Arise From The "Same Transaction Or Occurrence, Or Series Of Transactions Or Occurrences"

Defendants' Motion to Dismiss demonstrated that, as other district courts have consistently held, Plaintiffs' claims cannot clear Rule 20(a)'s first hurdle:  they do not arise from the "same transaction or occurrence, or series of transactions or occurrences" (Moving Memo at 6-10; Reply at 8-9).   Plaintiffs' Supplemental Memorandum, like its Opposition to the Motion to Dismiss and oral argument, ignores – and thus concedes – this basis for dismissal.

### B.   Plaintiffs' Claims Are Not Based On "Common Questions Of Law And Fact"

Plaintiffs belatedly suggest that their conclusory allegation that "all of the Defendants acted together as part of an 'ENTERPRISE' which used MERS to facilitate their fraudulent practices" creates a "common question of law and fact" sufficient to clear the second hurdle of Rule 20(a) because "each Defendant is subject to joint and several liability for membership in this scheme" (Supp. Mem. 3-4).

This argument fails for five reasons.  <u>First</u>, courts have repeatedly rejected the notion that use of the MERS system causes injury to homeowners (*see* Moving Memo at 32-33).  <u>Second</u>, Plaintiffs' reliance on the "common contention" analysis of *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541 (2011), refutes their position.  <u>Third</u>, Plaintiffs' premise for "commonality" is wrong as a matter of law.  <u>Fourth</u>, Plaintiffs entirely disregard hornbook principles of agency and joint and several liability – and neither the Second Amended Complaint nor the Supplemental Memorandum proffers any facts to support the conclusory allegation of joint and several liability.  <u>Fifth</u>, this argument, like the Second Amended Complaint, impermissibly lumps the "holding company" Defendants together with their lending and servicing subsidiaries, and wrongfully states that all Defendants are members of MERS; for example, Ally Financial Inc. and Ocwen Financial Corporation are not members of MERS (*see* DE-233 at ¶ 12; DE-281 at 2).

The Second Amended Complaint also fails to identify which of Plaintiffs' loans, if any, are registered on the MERS system.

### (1)   No Decision Has Held That Using The MERS System Is Unlawful

Every court that has considered challenges to the use of the MERS system has dismissed the claims, holding that the MERS system does not injure homeowners. *See, e.g., Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1042 (9th Cir. 2011) (affirming dismissal without leave to amend of claim for conspiracy to commit fraud through MERS: "plaintiffs have failed to show that the designation of MERS as a beneficiary caused them any injury by, for example, affecting the terms of their loans, their ability to repay the loans, or their obligations as borrowers"); *In re Mortg. Elec. Registration Sys. (MERS) Litig.*, 744 F. Supp. 2d 1018, 1029 (D. Ariz. 2010) (rejecting the premise that lenders conspired through using MERS: "The MERS system is not fraudulent, and MERS has not committed any fraud."); *Pennsylvania Pub. Sch. Emps. Ret. Sys. v. Bank of Am. Corp.*, 874 F. Supp. 2d 341, 362 (S.D.N.Y. 2012); *Huelbig v. Aurora Loan Servs., LLC*, 2011 WL 4348281, at *10 (S.D.N.Y. May 18, 2011); *Suss v. JP Morgan Chase Bank, N.A.*, 2010 WL 2733097, at *5 (D. Md. July 9, 2010) ("courts that have considered the issue have found that the [MERS] system of recordation is proper and assignments made through that system are valid").

Plaintiffs represent, with abject falsity, that *Bain v. Metropolitan Mortg. Group, Inc.*, 175 Wash. 2d 83 (2012), "found that the MERS system has injured homeowners" (Supp. Mem. 3). Instead, the Supreme Court of Washington concluded that "it is unclear whether the plaintiffs

can show any injury, and a categorical statement one way or another seems inappropriate." 175 Wash. 2d at 119.[1/]

### (2) There Is No "Common Contention"

Plaintiffs argue that "[a]ll of Plaintiffs [sic] claims arise out of a 'common contention' that the injuries suffered by Plaintiffs arose out of Defendants' misuse of the MERS system" as "part of an ENTERPRISE" (Supp. Mem. at 2-4). They urge this Court to apply the "common contention" requirement for class actions described by the U.S. Supreme Court in *Wal-Mart Stores, Inc., v. Dukes*, 131 S. Ct. 2541 (2011).

*Dukes* is indeed instructive, because it rejects Plaintiffs' theory. The Supreme Court found that the "common questions" language of Fed. R. Civ. P. 23(a)(2), which parallels the "common questions" language of Fed. R. Civ. P. 20(a), "is easy to misread," because: "Any competently crafted class complaint literally raises "common questions".... For example: Do all of us plaintiffs indeed work for Wal-Mart? Do our managers have discretion over pay? Is that an unlawful employment practice? What remedies should we get? *Reciting these questions "is not sufficient to obtain class certification*....." *Id.* at 2565 (emphasis added; citations and footnote omitted).

---

[1/]      *Bain* did not even consider whether a lender's use of the MERS system could cause harm to homeowners. The issue there was whether MERS could be liable for holding itself out as the beneficiary on a deed of trust without possessing the promissory note when a Washington statute required beneficiaries to possess a note in order to proceed with foreclosure. 175 Wash. 2d at 89, 91. The Washington Supreme Court held that, although MERS potentially could be liable, each plaintiff would have to show how this conduct caused her injury: "Given the procedural posture of these cases, it is unclear whether the plaintiffs can show any injury, and a categorical statement one way or another seems inappropriate. Depending on the facts of a particular case, a borrower may or may not be injured by the disposition of the note, the servicing contract, or many other things, and MERS may or may not have a causal role." *Id.* at 119.

Instead, the Supreme Court required allegation of a "common contention … capable of classwide resolution … in one stroke":

> *Their claims must depend upon a common contention – for example, the assertion of discriminatory bias on the part of the same supervisor.  That common contention, moreover, must be of such a nature that it is capable of classwide resolution* – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.
>
> What matters to class certification ... is not the raising of common 'questions' – even in droves – but, rather the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation.  Dissimilarities within the proposed class are what have the potential to impede the generation of common answers….

*Dukes,* 131 S. Ct. at 2551 (emphasis added; citations and footnote omitted).

Plaintiffs' exegesis of the creation, purpose, and activities of MERS fails to explain how their "ENTERPRISE" allegation could possibly generate the "common answers" demanded by *Duke*.  The "common issue" put forward by Plaintiffs' Supplemental Memorandum – that Plaintiffs were "similarly injured" by Defendants' use of MERS (Supp. Mem. 6) – fails on even a cursory inspection.  Plaintiffs are not "similarly injured" if, as Plaintiffs contend, some "spent countless hours trying to determine who is the actual owner of their notes"; some "wish to resolve disputes regarding their loan"; some want to "take advantage of mortgage refinancing"; some need to "defend foreclosure proceedings"; some "refinance[d] a home"; and some have lenders who "fail[ed] to comply fully with the dictates of the Truth-in-Lending Act" (Supp. Mem. 6).  Whether or not these matters involve MERS, the issues are diverse, Plaintiff-specific, and transaction-specific.  They are not issues common to each and every member of the mass, as Rule 20(a) requires.[2/]

---

[2/]    *Dukes* reversed class certification because plaintiffs located in different retail stores with different work histories and different interactions with the same employer could not allege a common contention of gender discrimination that could be resolved in a single action.  Here, 363 Plaintiffs from different

**(3)**     **Plaintiffs' Premise For Commonality Is Wrong As A Matter Of Law**

Plaintiffs' premise for commonality – that MERS "makes it overtly [sic] burdensome, if not impossible, for any homeowner to learn the identity of the entity or individual having a security interest in his or her property" (Supp. Mem. at 5) – is contradicted by federal precedent and statute.  The Ninth Circuit rejected this argument squarely in *Cervantes*, holding:  "Although the plaintiffs allege that they were 'deprived of the right to attempt to modify their toxic loans, as the true identity of the actual beneficial owner was intentionally hidden' from them, they do not support this bare assertion with any explanation as to how the operation of the MERS system actually stymied their efforts to identify and contact the relevant party to modify their loans." 656 F.3d at 1042.

More important, the Truth in Lending Act requires loan servicers, at the borrower's request, to identify the name, address, and telephone number of the owner or the master servicer of the obligation, 15 U.S.C. § 1641(f)(2); and, beginning in 2009, requires the new owner or assignee of a mortgage loan to notify the borrower in writing within 30 days of the purchase or assignment of the assignee's identity, address, and phone number (among other things).  15 U.S.C. § 1641(g)(1).

---

geographic locations with different loan histories and different interactions with not one, but 38 different defendants do not and cannot allege a common contention that can be resolved in a single action.  Even if Plaintiffs could prove that Defendants individually or collectively used the MERS system to cause them harm, this would not render Plaintiffs' individual claims, which range from misrepresentation and fraudulent concealment to slander of title and unjust enrichment by each of Plaintiffs' lenders, any more similar or capable of resolution in one stroke.

**(4)**      **There Is No Basis For Joint and Several Liability**

Plaintiffs claim that all 38 Defendants are somehow "jointly and severally liable" for

each other's actions based on (a) the "underlying wrong" of "the use of the MERS system to

injure the Plaintiffs" and (b) "under an agency theory" (Supp. Mem. at 3, 7).

These conclusory contentions lack the support of any factual allegations.  Plaintiffs did

not adequately plead their claim for civil conspiracy ("Concert of Action/Member Liability")

(*see* Moving Memo at 31-34; Reply at 19).  Plaintiffs do not allege and cannot explain how 38

Defendants could be jointly and severally liable to each Plaintiff merely because they allegedly

engaged in the same conduct.  Courts in the Second Circuit "have repeatedly held that joinder is

improper where the plaintiff does no more than assert that the defendants merely committed the

same type of violation in the same way." *Twine v. Four Unknown New York Police Officers*,

2012 WL 6184014, at *9 (S.D.N.Y. Dec. 12, 2012) (citation and quotations omitted); *see Nassau*

*Cnty. Ass'n of Ins. Agents, Inc. v. Aetna Life & Cas. Co.*, 497 F.2d 1151, 1154 (2d Cir. 1974)

(misjoined complaint was a "gross abuse of procedure" when plaintiffs brought claims against

multiple defendants for terminating or threatening to terminate contracts, when the actions "were

separate and unrelated" and occurred "at different times for different reasons with regard to

different [plaintiffs]"); *Kenvin v. Newburger, Loeb & Co.*, 37 F.R.D. 473, 475 (S.D.N.Y. 1965);

*Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 167-68 (S.D.N.Y. 2009) (citing cases); *see*

*also Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674 (6th Cir. 1988) (unrelated bank

defendants improperly joined when plaintiff's dealings with each defendant involved different

loan terms, despite the allegation that each bank had committed the identical fraud).

Plaintiffs' theory also stands the law of agency on its head.  They fail to show how any

given Plaintiff's loan transaction with any given Defendant could give rise to liability on the part

of another Defendant with whom he or she never transacted business. The mere allegation that MERS acted as agent for both Defendants is insufficient. Taking Plaintiffs' argument to its logical conclusion, one principal could bind another, unrelated principal to its wrongful acts simply because they happened to use the same agent. That is not the law – and if it were, the business world would grind to a halt.

This errant argument also underscores the lack of commonality among Plaintiffs' claims. The Second Amended Complaint is based on a myriad of unrelated transactions that demand a Plaintiff- and Defendant-specific analysis of the supposed wrongdoing to determine the basis and extent, if any, of the liability of any given Defendant to any given Plaintiff – and the specific role, if any, of MERS in that supposed wrongdoing.

### C. Joinder Would Deny Fundamental Fairness And Due Process

Plaintiffs' Supplemental Memorandum, like its Opposition and oral argument, also ignores, and thus concedes, Defendants' showing that joinder would not "comport with the principles of fundamental fairness," cause prejudice, and "confuse and complicate the issues…." (Moving Memo at 10-11; Reply at 9, quoting *Next Phase Distribution, Inc. v. John Does 1-27*, 284 F.R.D. 165, 168 (S.D.N.Y. 2012) (citations omitted)).

### III. PLAINTIFFS' RULE 12(b)(6) ARGUMENTS FAIL AS A MATTER OF LAW

Plaintiffs' Supplemental Memorandum briefly attempts to resuscitate their fraudulent concealment and unjust enrichment claims by introducing new arguments not presented in their Opposition to the Motion to Dismiss or at oral argument. Those arguments are not only waived, but also have no merit.

A.      **Plaintiffs Cannot State A Claim For Fraudulent Concealment**

Plaintiffs did not state their fraudulent concealment claim with requisite specificity and can plead neither a duty to disclose nor causation (Moving Memo at 14-24; Reply at 10-14). Ignoring these fatal flaws, Plaintiffs argue for the first time that this claim is well-stated because "the MERS ENTERPRISE effectively concealed information from Plaintiffs which would have allowed them to fulfill their responsibilities fixed by the doctrine of caveat emptor" (Supp. Mem. at 12).

"[T]he doctrine of caveat emptor requires that a buyer act prudently to assess the fitness and value of his purchase."  *Ballow Brasted O'Brien & Rusin P.C. v. Logan*, 435 F.3d 235, 239 (2d Cir. 2006) (quotations and citation omitted).  Presumably, Plaintiffs' "responsibilities fixed by the doctrine of caveat emptor" were their obligation to assess the suitability of their loans. Even if, as Plaintiffs allege, Defendants did not disclose their intent to sell Plaintiffs' mortgages on the secondary market and not record these sales in county records (Supp. Mem. at 5), these non-disclosures would be unrelated to the terms of Plaintiffs' loans and had no impact on Plaintiffs' ability to determine whether their loans were suitable.  S*ee Cervantes v. Countrywide Home Loans, Inc.*, 2009 WL 3157160, at *11 (D. Ariz. Sept. 24, 2009) ("[a]ny lack of notice in the public records" resulting from the use of MERS "does not alter Plaintiffs' obligations under the mortgages"), *aff'd*, 656 F.3d 1034 (9th Cir. 2011); *Fontenot v. Wells Fargo Bank, N.A.,* 198 Cal. App. 4th 256, 272 (Cal. App. 1st Dist. 2011) ("Because a promissory note is a negotiable instrument, a borrower must anticipate it can and might be transferred to another creditor.  As to plaintiff, an assignment merely substituted one creditor for another, without changing her obligations under the note").

B.     **Plaintiffs Cannot State A Claim For Unjust Enrichment**

To assert unjust enrichment, "one party [must] possess[ ] money that in equity or good conscience they should not have obtained or possessed *because it rightfully belongs to another*." *Eastman Kodak Co. v. Asia Optical Co.*, 2012 WL 2148198, at *7 (E.D.N.Y. June 13, 2012) (emphasis in original, quotations and citation omitted).  If a contract – *i.e.*, a mortgage note – governs a particular subject, a quasi-contract claim is precluded.  *See McAnaney v. Astoria Fin. Corp.*, 665 F. Supp. 2d 132, 175 (E.D.N.Y. 2009). ("The theory of unjust enrichment … is an obligation the law creates *in the absence of any agreement*") (emphasis in original; quotations and citation omitted).

Plaintiffs previously based this claim on Defendants' receipt of TARP funds (Opp. at 19). Now, for the first time, Plaintiffs point to Paragraph 451 of the Second Amended Complaint as the basis of their unjust enrichment claim (Supp. Mem. at 12).

Paragraph 451 alleges that Plaintiffs lost equity in their property and suffered lower credit ratings, but lost equity and damaged credit ratings are not money or property in Defendants' possession.  Plaintiffs cannot base an unjust enrichment claim on the allegation that "Defendants took from Plaintiffs and other borrowers billions of dollars in interest payments and fees" (SAC ¶ 451), because those interest payments and fees are the subject of contracts.  Finally, the allegation that Defendants "generated billions of dollars in profits by selling [Plaintiffs'] loans at inflated values, and betting against the Plaintiff home owners through the Defendants' investments in credit default swaps and other financial instruments" is also meaningless. Plaintiffs cannot predicate an unjust enrichment claim on profits Defendants realized by selling their own property (*i.e.*, Plaintiffs' mortgages) or making investment decisions.  *See Boccardi Capital Sys. v. D.E. Shaw Laminar Portfolios, L.L.C.*, 2009 WL 362118, at *8 (S.D.N.Y. Feb. 9)

(plaintiffs cannot base an unjust enrichment claim on profits from the sale of stock that they did not own), *aff'd,* 355 Fed. Appx. 516 (2d Cir. 2009).

## <u>CONCLUSION</u>

For these reasons and for the reasons set forth in Defendants' Moving Memorandum of Law and Reply Memorandum of Law, at oral argument, and in Defendants' Supplemental Submission dated February 15, 2013, this Court should (a) grant Defendants' Rule 20(a) Motion to Sever and Dismiss all Plaintiffs except Leela Abraham, without prejudice to the other Plaintiffs' ability to file new individual actions in any court with jurisdiction; and (b) grant Defendants' Rule 12(b)(6) Motion to Dismiss Ms. Abraham's claims with prejudice.  If the Court holds that Plaintiffs' claims are properly joined, then all Plaintiffs' claims should be dismissed with prejudice under Rule 12(b)(6).

Dated:  March 15, 2013
        New York, New York

BRYAN CAVE LLP

By: /s/ Scott H. Kaiser
Christine B. Cesare
Scott H. Kaiser
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 541-2000
Facsimile: (212) 541-4630
cbcesare@bryancave.com
scott.kaiser@bryancave.com

Of Counsel:

Nafiz Cekirge
120 Broadway, Suite 300
Santa Monica, California 90401
Telephone: (310) 576-2100
Facsimile: (310) 576-2200
nafiz.cekirge@bryancave.com

Douglas E. Winter
1155 F Street, N.W.
Washington, D.C. 20004
Telephone: (202) 508-6000
Facsimile: (202) 508-6200
dewinter@bryancave.com

*Attorneys for Bank of America, N.A., for itself
and as successor by merger to BAC Home Loans
Servicing, LP, Countrywide Home Loans, Inc.,
and Merrill Lynch & Co., Inc.*

BUCKLEYSANDLER LLP

By: /s/ Matthew P. Previn
Matthew P. Previn
1133 Avenue of the Americas, Suite 3100
New York, New York 10036-6710
Telephone: (212) 600-2310
Facsimile: (212) 600-2405
mprevin@buckleysandler.com

*Attorneys for JPMorgan Chase Bank, N.A.*

KNUCKLES KOMOSINSKI & ELLIOTT, LLP

By: /s/ Jordan J. Manfro
Jordan J. Manfro, Esq.
565 Taxter Road, Suite 590
Elmsford, NY 10523
Telephone: (914) 345-3020
Facsimile: (914) 366-0080
JJM@kkelaw.com

*Attorneys for Carrington Mortgage Services, LLC
and Specialized Loan Servicing, LLC*

HOGAN LOVELLS US LLP

By: /s/ Allison J. Schoenthal
Allison J. Schoenthal
Lisa J. Fried
875 Third Avenue
New York, New York 10022
Telephone: (212) 918-3000
Facsimile: (212) 918-3100
allison.schoenthal@hoganlovells.com
lisa.fried@hoganlovells.com

*Attorneys for Defendants Flagstar*
*Bancorp, Inc., Seterus, Inc.,*
*Wells Fargo Bank, N.A. and*
*Wells Fargo Bank, N.A. d/b/a*
*America's Servicing Company*

DYKEMA GOSSETT PLLC

By: /s/ Richard E. Gottlieb
Richard E. Gottlieb (RG 0935)
Todd Gale, *pro hac vice*
10 South Wacker, Suite 2300
Chicago, IL 60606
Telephone: (312) 876-1700
Facsimile: (312) 876-1155
rgottlieb@dykema.com

*Attorneys for Defendant PNC Bank, National*
*Association*

HUSCH BLACKWELL LLP

By:     /s/ JoAnn T. Sandifer
JoAnn T. Sandifer
190 Carondelet Plaza, Suite 600
St. Louis, MO  63105
Telephone:  (314) 480-1500
Facsimile:  (314) 480-1505
JoAnn.Sandifer@huschblackwell.com

Daniel P. Jaffe
60 East 42nd Street, Suite 4600
New York, NY  10165
Telephone:  (212) 485-9805
Facsimile:  (314) 480-1505
Dan.Jaffe@huschblackwell.com

*Attorneys for Defendant Regions Bank*

K&L GATES LLP

By: /s/ R. Bruce Allensworth
R. Bruce Allensworth, *pro hac vice*
    Brian M. Forbes, *pro hac vice*
State Street Financial Center
One Lincoln Street
Boston, MA 02111
Telephone: (617) 261-3100
Facsimile: (617) 261-3175
bruce.allensworth@klgates.com
brian.m.forbes@klgates.com

David S. Versfelt (SBN 1379817)
599 Lexington Avenue
New York, NY 10022
Telephone.: 212.536.3900
Facsimile: 212.308.6661
david.versfelt@klgates.com

*Attorneys for Defendants Litton Loan Servicing LP*
*and Ocwen Financial Corporation*

OTTERBOURG, STEINDLER, HOUSTON
        & ROSEN, P.C.

By: /s/ Richard G. Haddad
Richard G. Haddad (RG 6438)
Member of the Firm

230 Park Avenue
New York, NY 10169-0075
Telephone: (212) 661-9100
Facsimile: (212) 682-6104
rhaddad@oshr.com

*Attorneys for Defendant Ally Financial Inc.*


MORGAN, LEWIS & BOCKIUS LLP

By:   /s/ Brian A. Herman
      Brian A. Herman
      David A. Snider
101 Park Avenue
New York, New York 10078
(212) 309-6909/6223
bherman@morganlewis.com
dsnider@morganlewis.com

Robert M. Brochin
200 South Biscayne Boulevard
Suite 5300
Miami, Florida 33131
(305) 415-3456
rbrochin@morganlewis.com

*Attorneys for Defendant MERSCORP, INC., n/k/a
MERSCORP Holdings, Inc.*


HOUSER & ALLISON, APC

By: /s/ Mitra Paul Singh, Esq.
Mitra Paul Singh. Esq.
60 East 42nd Street, Suite 1148
New York, NY 10165
Telephone: (212) 490-3333
Facsimile: (212) 490-3332
msingh@houser-law.com

*Attorneys for Defendant Bayview Loan Servicing,
LLC*


STAGG, TERENZI, CONFUSIONE & WABNIK

By: /s/ Jacqueline M. Della Chiesa
Jacqueline M. Della Chiesa
401 Franklin Ave, Suite 400
Garden City, NY 11530
Telephone: 516-812-4500
Facsimile: 516-812-4600
jdellachiesa@stcwlaw.com

*Attorney for Defendant Saxon Mortgage, Inc.*

HODGSON RUSS LLP

By:  /s/ S. Robert Schrager
S. Robert Schrager
1540 Broadway, 24th Floor
New York, NY 10036
Telephone: 212-751-4300
rschrager@hodgsonruss.com

*Attorneys for M&T Bank*

STEVENS & LEE, P.C.

By:  /s/ Bradley L. Mitchell
Bradley L. Mitchell, Esq.
Constantine D. Pourakis, Esq.
485 Madison Avenue, 20th Floor
New York, NY 10022
Telephone: 212-319-8500
blm@stevenslee.com
cp@stevenslee.com

*Attorneys for Nationstar Mortgage, LLC and
CENLAR FSB*

TROUTMAN SANDERS LLP

By:  /s/ Stephen G. Rinehart
Stephen G. Rinehart, Esq. (SR-5527)
The Chrysler Building
405 Lexington Avenue
New York, NY  10174-0700
Telephone: 212-704-6305
Facsimile: 212-704-5957
stephen.rinehart@troutmansanders.com

*Attorneys for BB&T Corporation, Branch
Banking and Trust Company, and FNF Servicing,
Inc. f/k/a Loan Care Servicing Center, Inc.*

PHILLIPS LYTLE LLP

By:  /s/ Sean C. McPhee
        Sean C. McPhee, Esq. (SM 7144)
   Joseph B. Schmit, Esq. (JS 1243)
437 Madison Avenue, 34th floor
New York, New York  10022
Telephone:  (212) 759-4888
Facsimile:  (212) 308-9079
smcphee@phillipslytle.com
jschmit@phillipslytle.com
*Attorneys for Defendant HSBC Mortgage Services
Inc.*

MAYER BROWN LLP

By: /s/   Thomas V. Panoff
Matthew D. Ingber
1675 Broadway
New York, New York 10019
Telephone:  (212) 506-2500
Facsimile: (212) 262-1910
mingber@mayerbrown.com

Lucia Nale (admitted *pro hac vice*)
Thomas V. Panoff (admitted *pro hac vice*)
71 S. Wacker Drive
Mayer Brown LLP
Chicago, Illinois 60606
Telephone:  (312) 782-0600
Facsimile:  (312) 701-7711
lnale@mayerbrown.com
tpanoff@mayerbrown.com

*Attorneys for Defendant CitiMortgage, Inc.*

LOCKE LORD LLP

BY:  /s R. James DeRose, III
      R. James DeRose, III
      Joseph N. Froehlich

      3 World Financial Center
      New York, NY 10281
      Tel:   212-415-8600
      Fax:   212-303-1331
      Email: rderose@lockelord.com
      Email: jfroehlich@lockelord.com

OF COUNSEL

      Thomas G. Yoxall

      LOCKE LORD LLP
      2200 Ross Avenue, Suite 2200
      Dallas, Texas 75201
      Tel:   214-740-8000
      Fax:   214-740-8800
      Email: tyoxall@lockelord.com

      -AND-

      Thomas J. Cunningham (admitted pro hac
      vice)
      J. Matthew Goodin (admitted pro hac
      vice)

      LOCKE LORD LLP
      111 South Wacker Drive
      Chicago, Illinois 60606
      Tel:   312-443-0700
      Fax:   312-443-0336
      Email: tcunningham@lockelord.com
      Email: jmgoodin@lockelord.com

*Attorneys for Aurora Loan Services, LLC;
Select Portfolio Servicing, Inc.;
U.S. Bank National Association (incorrectly
named as "US Bancorp, a/k/a US Bank, N.A");
and Vericrest Financial, Inc.*

SNR DENTON US LLP

By: /s/ Patrick E. Fitzmaurice
Patrick E. Fitzmaurice (PF 8648)
1221 Avenue of the Americas
New York, NY 10020
Telephone. 212.768.6700
Facsimile. 212.768.6800
patrick.fitzmaurice@snrdenton.com

*Attorneys for Defendants EverBank successor by
merger to EverHome Mortgage Company and
SunTrust Mortgage, Inc.*

HINSHAW & CULBERTSON LLP

By:  /s/ Schuyler B. Kraus
Schuyler B. Kraus (SK 8105)
Ali Ryan Amin (AA 8508
780 Third Avenue, 4th Floor
New York, NY 10017
Telephone: 212-471-6200
Facsimile: 212-935-1166
skraus@hinshawlaw.com
AAmin@hinshawlaw.com

*Attorneys for Homeward Residential, Inc. f/k/a
American Home Mortgage Servicing, Inc*

CARTER, CONBOY, CASE, BLACKMORE,
MALONEY & LAIRD, P.C.

By:  /s/ James A. Resila
James A. Resila (JR 1748)
Michael J. Catalfimo
20 Corporate Woods Boulevard
Albany, NY 12211-2362
Telephone: 518-465-3484
jresila@carterconboy.com

*Attorneys for Green Tree Servicing, LLC*

K&L GATES LLP

By: /s/ John C. Blessington
    Michael DeMarco, *pro hac vice*
    John C. Blessington, *pro hac vice*
State Street Financial Center
One Lincoln Street
Boston, MA 02111
Telephone: 617.261.3100
Facsimile: 617.261.3175
john.blessington@klgates.com

Sarah P. Kenney
599 Lexington Avenue
New York, NY 10022
Telephone: 212.536.3900
Facsimile: 212.536.3901
sarah.kenney@klgates.com

*Attorneys for Defendant Sovereign Bank, N.A.*

WEINER BRODSKY KIDER PC

By:    /s/ Mitchel H. Kider
    Mitchel H. Kider
1300 19th Street, N.W., 5th Floor
Washington, D.C. 20036
Telephone: (202) 628-2000
Facsimile: (202) 628-2011
kider@thewbkfirm.com

*Attorneys for Defendant PHH Mortgage Corporation*